# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. CIV-17-1254-D |
| KEISHA JONES DAVIS ATCHISON, SR. FANNIE ATCHISON, J.H., a minor L.M.H., a minor I.E.S., a minor | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Defendants J. H., a minor; L. M. H., a minor; and I. E. S., a minor, ("the Children") have filed a Motion to Compel [Doc. No. 42] non-party City of Oklahoma City Police Department ("OCPD") to comply with the Children's subpoena [Doc. No. 37-3]. The City of Oklahoma City ("City"), on behalf of OCPD, has objected. [Doc. No. 49]. Defendant Keisha Jones has responded [Doc. No. 50]. The matter is fully briefed and at issue.

## BACKGROUND

This is an interpleader action arising from the murder of David Atchison, II, the father of the minor Defendants, on January 8, 2017. Defendant Keisha Jones is the named beneficiary on a Farmers New World Life Insurance Company insurance policy. She is also the primary suspect in the murder of Mr. Atchison. [Doc. No. 16 at 4]; [Doc. No. 49 at 2]. Plaintiff Farmers New World Life Insurance Company filed this action seeking interpleader relief on the basis of Oklahoma's "slayer statute," Okla. Stat. tit. 18, § 231,

and deposited the insurance policy proceeds along with accumulated statutory interest, minus policy loans, with the Clerk of Court.

The Children became aware of this action and the insurance policy in February 2018 when they were served with summons. The Children submitted a request to the OCPD pursuant to the Open Records Act, Okla. Stat. tit. 51, § 24A, et. seq. OCPD denied the request on March 27, 2018. The Children then issued a subpoena to Defendant City of Oklahoma City requesting:

> Any and all reports and/or other records regarding the murder of David Atchison, II, on or about January 7-8, 2017. Please include any and all 911 recordings; dash cam, body cam, and other video footage; photographs; witness statements; contact information; arrest and/or intake records; and any other physical or electronically-stored evidence.

[Doc. No. 37-3]. The City of Oklahoma City objected to the subpoena on behalf of OCPD stating that the criminal investigation into the death of Mr. Atchison is ongoing and that the release of the requested reports might interfere with the investigation. [Doc. No. 42-2]. To date, no charges have been filed in Mr. Atchison's murder.

The Children filed their Motion to Compel seeking compliance with the subpoena or, in the alternative, an *in-camera* inspection of the investigative file on October 24, 2018. The City of Oklahoma City responded in opposition on behalf of OCPD based on the law enforcement investigative privilege and work product privilege. In the alternative, OCPD joins the Children's request for *in-camera* inspection and would agree to the presence of counsel for the Children during the review but objects to the presence of counsel for Defendant Keisha Jones. Defendant Keisha Jones objects to ex parte *in-camera* inspection or any production of discovery that is not likewise provided to her.

## DISCUSSION

"The law enforcement investigative privilege is 'based primarily on the harm to law enforcement efforts which might arise from public disclosure of ... investigatory files' and bars disclosure of facts." *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981) (quoting *Black v. Sheraton Corporation*, 564 F.2d 531, 541 (D.C. Cir. 1977). The purpose of the privilege is to "prevent disclosure of techniques and procedure, to preserve confidential sources, to protect witness and law enforcement personnel, to protect privacy, and to prevent interference with an investigation." *Patel v. Hall*, 14CV069F14CV069F, 2015 WL 13439799, at *2 (D. Wyo. Sept. 1, 2015) (citing *In re M & L Bus. Mach. Co., Inc.*, 161 B.R. 689, 693 (D. Colo. 1993) (internal citations omitted).

"To assert the law enforcement evidentiary privilege, the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." *United States v. Winner*, 641 F.2d 825, 831–32 (10th Cir. 1981) (internal citations omitted). The Children assert that OCPD has failed to comply with these requirements.

The Court agrees with the Children. The only objections received on behalf of OCPD are an email from an individual of unidentified position in the Oklahoma City government and a letter from a municipal counselor. [Doc. No. 42-1]; [Doc. No. 42-2]. OCPD presents no formal claim from any responsible official within the department indicating "personal consideration" and "specifying with particularity the information for which protection is sought." Instead, the City presents only the affidavit and search warrant
3

along with a general objection that producing the requested information falls under the privilege because it will harm the ongoing investigation. Such a broad explanation does not comply with the requirements of *Winner*.

Even if the Court had determined that OCPD appropriately claimed the privilege, the inquiry would not end there. The law enforcement investigative privilege is qualified. *United States v. Malik*, 15-CV-9092-CM-TJJ, 2016 WL 3167307, at *10 (D. Kan. June 7, 2016). "The public interest in nondisclosure must be balanced against the need of a particular litigant for access to the privileged information. The process of identifying and weighing the competing interests cannot be avoided." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. F.D.I.C.*, CIV. A. 93-2471-GTV, 1995 WL 104835, at *4 (D. Kan. Mar. 7, 1995) (quoting *In re Sealed Case,* 856 F.2d 268, 272 (D.C.Cir.1988) (citations omitted in original)). "The privilege may be overridden by the movant's 'substantial need for the documents and its inability to obtain their substantial equivalent by other means.'" *In re M & L Bus. Mach. Co., Inc.*, 161 B.R. 689, 693 (D. Colo. 1993) (quoting *United States v. Davis,* 131 F.R.D. 391, 395 (S.D.N.Y.1990)) (internal citations omitted).[1]

---

[1] OCPD makes a brief argument that the investigative file is considered work product, citing to *Moore v. State*, 740 P.2d 731, 736 (Okla. Crim. App. 1987), a criminal case. *Moore* held that denial of discovery of scientific test results and reports was in error because it "was material to the issue of the appellant's guilt or innocence." *Id*. The Court finds *Moore* unpersuasive as *Moore* discusses discovery and work product only in the context of state criminal proceedings and found the subject discovery to be outside the scope of work product. In *Sadler v. State*, 1993 OK CR 2, 846 P.2d 377, 382, the Oklahoma Court of Criminal Appeals refers to this privilege as applying when investigative "testimony or reports are used by the prosecutor against a defendant in a criminal case." OCPD fails to provide any argument or authority as to how the purported privilege applies to a civil proceeding in federal court.

OCPD agrees with the Children that Defendant Keisha Jones is a suspect in the murder of the Children's father. Based on that fact, OCPD argues that production of the requested investigatory materials "would effectively put Ms. Jones on notice of evidence the OCPD has compiled against Ms. Jones as well as any short comings in the investigation," thereby interfering with the ongoing murder investigation. The Court notes that Mr. Atchison was murdered nearly two years ago, no charges have been filed, and no arrest made. The Court also notes that OCPD attached to its objection the probable cause affidavit for the search warrant of Ms. Jones' residence which outlines in detail the OCPD investigation. [Doc. No. 49-2]. The affidavit itself informs Ms. Jones of the theory of the case against her, the types of evidence in possession of OCPD at the time of the affidavit, as well as the evidence sought through the search warrant. Based on the affidavit and the absence of an arrest nearly two years after the murder, the Court finds OCPD has failed to establish with particularity how production would harm the ongoing murder investigation.

The Court finds the Children have made a compelling argument that the investigative material is relevant and necessary to their case aimed at preventing Defendant Keisha Jones from recovering a life insurance policy on the basis of her alleged involvement in Mr. Atchison's murder. The Children have also made a compelling argument that this information can only be obtained from OCPD. However, before making a final decision on the matter the Court will conduct an *in-camera* inspection of the investigative file and/or all documents responsive to the subject subpoena.[2]

---

[2] Defendant Keisha Jones objects to an *in-camera* review of the material on the basis that OKCPD seeks to limit any production to the Children. [Doc. No. 50] at 1. If the Court

**IT IS THEREFORE ORDERED** that OCPD shall produce to the chambers of the undersigned judge within thirty (30) days from the date of receipt of this Order, all materials responsive to the Children's subpoena [Doc. No. 37-3].

**IT IS SO ORDERED** this 17th day of December, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

determines any of the material is discoverable, it will be produced to all parties pursuant to further order of the Court.